## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BROOKSIDE AGRA, LLC,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-863-GPM** |
| | ) | |
| **UNCLE TED ORGANICS, LTD.,** | ) | |
| | ) | |
| **Defendant/Counter-Claimant.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). Plaintiff/Counter-Defendant Brookside Agra, LLC ("Brookside), brings this action for breach of contract against Defendant/Counter-Claimant Uncle Ted Organics, Ltd. ("Uncle Ted"). Brookside filed this action originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and Uncle Ted has removed the case to this Court; federal subject matter jurisdiction is alleged on the basis of diversity of citizenship  pursuant

to 28 U.S.C. § 1332.  The Court's sua sponte review of the notice of removal in this case discloses a flaw in Uncle Ted's pleading of federal subject matter jurisdiction.

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action."  *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 548 U.S. 901 (2006).  *See also Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (removal is proper if it is based on permissible statutory grounds and if it is timely).  A removing defendant, as the party invoking federal jurisdiction, has the burden of establishing such jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006).  "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."  *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand."  *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).  *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts

concerning removal are resolved in favor of remand."). With this standard in mind, the Court turn

to consideration of Uncle Ted's notice of removal.

In general, federal courts have original subject matter jurisdiction in diversity in cases

between citizens of a state and citizens of a foreign state in which there is complete diversity of

citizenship among the parties and in which an amount in excess of $75,000, exclusive of interest and

costs, is in controversy. *See* 28 U.S.C. § 1332(a)(2); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533

F.3d 542, 547 (7th Cir. 2008); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892

(7th Cir. 2003); *Rehkemper & Son, Inc. v. Indiana Lumbermens Mut. Ins. Co.*,

Civil No. 09-858-GPM, 2010 WL 547167, at *2 (S.D. Ill. Feb. 10, 2010). Complete diversity of

citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen

of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d

215, 217 (7th Cir. 1997) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). *See also*

*Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 589 (7th Cir. 1991) (under "the requirement

of complete diversity of citizenship . . . no party on one side of the case may be a citizen of the same

state as any party on the other side"); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713

F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal

courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the

same state as any defendant."). A limited liability company ("LLC") has, for diversity purposes, the

state citizenship of each of the LLC's members. *See Thomas v. Guardsmark, LLC*, 487 F.3d

531, 534 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v.*

*Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Belleville Catering Co. v. Champaign Mkt.*

*Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731

(7th Cir. 1998); *B & R Oil Co. v. Imperial Enters. of Ill..*, *LLC*, Civil No. 09-257-GPM, 2009

WL 1867677, at *1 & n.1 (S.D. Ill. June 29, 2009); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006).

In this instance, it appears that an amount in excess of $75,000, exclusive of interest and costs, is in controversy.  Also, Uncle Ted has alleged properly that it is a is a foreign corporation with its principal place of business in the United Kingdom.  Unfortunately, with respect to Brookside, Uncle Ted has alleged only that Brookside "is a limited liability company duly organized pursuant to the laws of the State of Iowa, with its principal place of business in O'Fallon, St. Clair County, Illinois[.]"  Doc. 2 (Notice of Removal) at 2 ¶ 6.  Obviously, such an allegation is insufficient to establish the citizenship of Brookside for purposes of federal diversity jurisdiction. Accordingly, Uncle Ted must file an amended notice of removal that alleges correctly Brookside's citizenship for diversity purposes.[1]  Therefore, Uncle Ted is **ORDERED** to file an amended notice of removal that properly alleges the state citizenship of Brookside for purposes of federal diversity jurisdiction not later than 12:00 noon on Thursday, October 20, 2011.  The Court reminds Uncle Ted that the jurisdictional facts contained in its amended notice of removal must be alleged not on the basis of "information and belief" but on personal knowledge.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931, 931 (S.D. Ill. 2006).  Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Twentieth Judicial Circuit,

---

1.    The Court can judicially notice the online records of corporations and LLCs maintained by the Illinois Secretary of State at http://www.ilsos.gov/corporatellc/index.jsp.  *See Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *2 n.4 (S.D. Ill. Aug. 24, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006).  According to the Illinois Secretary of State's online records, the sole member of Brookside is Donald G. Riesenberg, whose business address is 787 Sunset Boulevard, Suite 100, O'Fallon, Illinois 62269.  Thus, it appears that Brookside is an Illinois citizen for purposes of federal diversity jurisdiction.

St. Clair County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c);

*O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *1, *3 (S.D. Ill. Oct. 26, 2009);

*Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007);

*Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED:  September 30, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge